[File No. 6107.]

H. D. CASSIDY, Respondent, v. JOHN REUTER, Jr., Appellant.

(247 N. W. 890.)

Opinion filed April 10, 1933.

*G. R. Brainard,* for appellant.

*H. A. Mackoff,* for respondent.

NUESSLE, Ch. J. This action is brought to recover on a written instrument in words and figures, as follows:

| | | |
|---|---|---|
| $848.17 | | Dickinson, N. D., July 1, 1925. |

SECURED BY .......... GIVEN AS COLLATERAL FOR NOTES AND SETTLEMENT OF MATHIAS REUTER WITH H. D. CASSIDY

October 1, after date, for value received, I promise to pay to the order of H. D. Cassidy, Eight-Hundred Forty-eight & 17/100ths Dollars with interest thereon from date at the rate of 8 per cent per annum, payable annually. Interest hereon not paid when due shall bear interest at the rate of ..... per cent per annum. The several makers, signers, guarantors and endorsers hereof hereby waive presentment, demand, notice of dishonor and protest and consent that the time of payment may be extended or this note renewed without affecting their liability thereon. Payable at

No. ........    The Liberty National Bank, of Dickinson, N. D.

Due ....... Postoffice ..............    John Reuter, Jr.

The notation on the margin "Given as collateral for notes and settlement of Mathias Reuter with H. D. Cassidy," is in the handwriting of the defendant.

The complaint is in the usual form for recovery on a negotiable instrument. The defendant, answering, first interposes a general denial and then pleads that the instrument was a guaranty agreement to cover a debt of Mathias Reuter to the plaintiff, executed at the request of the plaintiff as additional security with the understanding that it would be paid if the plaintiff, exercising reasonable means to do so, was unable to collect from Mathias Reuter; that the instrument was

executed and delivered without consideration to the defendant; that though the defendant demanded plaintiff proceed against Mathias Reuter he neglected and refused to do so and permitted the claim against Mathias Reuter to become outlawed; that by reason of these facts the defendant has been relieved of liability on the instrument in question. The case was tried to a jury. A verdict was returned for the plaintiff. This appeal is from the judgment entered on the verdict.

The appellant in support of his appeal contends that the court erred in refusing to instruct the jury as requested by the defendant with respect to the law of guaranty and in instructing the jury that the instrument on which plaintiff seeks to recover was an accommodation note.

The record discloses the following pertinent facts, concerning which there is no controversy: The plaintiff was a nonresident of North Dakota. In 1922 he owned some farm land near Dickinson. The defendant who resided at Dickinson was his agent in looking after this land. The tenant who occupied the land was Mathias Reuter, an uncle of the defendant. Mathias Reuter owed the plaintiff for rent and for seed furnished. Part of this indebtedness was represented by notes. The remainder was in an account. In March, 1925, all of this indebtedness was past due. Plaintiff had been endeavoring to secure payment, defendant acting for him in that behalf. There was more or less correspondence between plaintiff and defendant concerning the matter. On March 17, 1925, defendant wrote plaintiff about the Mathias Reuter indebtedness, saying, among other things:

"You may be assured, Mr. Cassidy, that I shall see to it that this entire account is settled to your complete satisfaction, and I have been thinking of late that perhaps it would be better if I made arrangements to take over and assume this obligation so that you could then look to me only for the settlement thereof, and I am sure that you can have a draft in full by October 1st, for I will pay you out of my own funds if I have not collected the money before then, in other words, I will give you my personal note for the balance due."

However, no note was given at the time. But about July 1st when plaintiff was at Dickinson he and the defendant went over the matter. The amount of the indebtedness owing from Mathias Reuter was agreed upon, and defendant then executed the instrument in suit for

the amount due and plaintiff agreed to give Mathias Reuter an extension until October 1st. Plaintiff carried out his agreement. Mathias Reuter, however, did not pay. Neither did the defendant. In November, 1925, defendant again wrote plaintiff concerning the matter, apologized for not having paid, and then said:

"However, I shall promise you that your note will be paid by January 1st next, for in the meantime if there is not sufficient money in to meet it I will arrange for a loan at the bank to care for it.

"You may be assured, Mr. Cassidy, that I deeply appreciate the exceptional courtesy shown me and my Uncle Math, and I am only too sorry to think that our plans did not mature as at first intended."

Plaintiff forebore, but no payment was made. Thereafter the matter dragged along with some correspondence between the parties and many attempts to collect on the part of the plaintiff, until November, 1930, when this action was begun.

The defendant testified that at the time the instrument in suit was given he told the plaintiff he would guarantee the payment of the Mathias Reuter indebtedness if plaintiff would give Mathias an extension of time, and that the instrument sued upon was executed in furtherance of this agreement. Plaintiff, however, denied that anything was said about a guaranty. The defendant further testified that pursuant to this guaranty arrangement he made the marginal notation on the instrument in suit. Plaintiff's testimony was that when the writing was executed and delivered this notation was not on it, but that defendant asked that it be given back to him for a moment so he could make a memorandum as to its amount, etc.; that defendant then took it into his private office, was gone for a moment, came back, and handed an envelope which he said contained the instrument to the plaintiff; that the plaintiff did not again examine it until he had returned to his home in Denver, when he discovered the marginal notation.

The theory of the defendant on the trial was, and now is, that under the instrument in question, executed under the circumstances above disclosed, he was merely a guarantor; that though the instrument was in form a promissory note, it was executed and delivered with the understanding and agreement that it was merely a guaranty that the indebtedness of Mathias Reuter was collectible with the exercise of reasonable diligence; that the marginal notation was made prior to

the execution of the instrument, was a part thereof, and evidenced such understanding and agreement; that the plaintiff wholly failed to resort to his remedies against the principal debtor, Mathias Reuter, and permitted the debt to outlaw; and that therefore the defendant was exonerated.

The court, however, ruled that the instrument was an accommodation note; that its terms could not be varied by parol; and that the law of guaranty had no application.

When the case was submitted to the jury, the defendant requested that the court instruct on the law of guaranty and particularly with respect to § 6668, Comp. Laws 1913, that: "A guarantor is exonerated, except so far as he may be indemnified by the principal, if by any act of the creditor without the consent of the guarantor the original obligation of the principal is altered in any respect, or the remedies or rights of the creditors against the principal in respect thereto is (are) in any way impaired or suspended." The court refused to give the instruction and the defendant predicates error on this refusal. The defendant further complains because the court, among other things, charged:

"This action, Members of the Jury, is brought for the purpose of enforcing the terms of a written instrument which is known as Plaintiff's Exhibit 'A' in this case, and you are instructed that the said Exhibit 'A' is an accommodation note.

"Therefore, if you find from the evidence that this accommodation note was given by the defendant John Reuter, Jr., to the plaintiff, H. D. Cassidy, for the purpose of securing an extension of time of payment to defendant's uncle, Math Reuter, then and in that case the defendant is liable on the note and you should bring in a verdict in favor of the plaintiff accordingly."

It is clear to us that the defendant has no ground for complaint on account either of the refusal of the court to charge respecting the law of guaranty or of the giving of the instruction just above quoted. Though it be conceded, as the defendant contends, that the instrument in suit was merely a guaranty and to make it effective plaintiff was required to make a reasonable attempt to enforce payment against Mathias Reuter, nevertheless, under the facts disclosed by the record, the defendant was not entitled to the requested instruction. Defendant

was plaintiff's agent to collect the latter's claims against Mathias Reuter. At defendant's request the time for their payment was extended until October 1st. They were not paid on the new due date. He knew of all the facts and circumstances in connection with these claims. He had suffered no prejudice because of plaintiff's conduct with respect to them. He had become absolutely and unconditionally bound to pay. And he acknowledged the obligation. For, in November, he wrote plaintiff referring to the instrument in suit as a note, apologized for the default of payment, and promised to pay by January 1st thereafter. We cannot see that he ever had so much as a shadow of a defense on account of plaintiff's failure to attempt to enforce collection from Mathias Reuter. And if he had such a defense, he waived it. 28 C. J. 990, and cases cited. There was a good consideration both for the original instrument—see Red River Valley Nat. Bank v. Barnes, 8 N. D. 432, 79 N. W. 880; § 5872, Comp. Laws 1913,—and for the new promise—see § 5873, Comp. Laws 1913.

On the other hand, the defendant has no ground for complaint because of that portion of the charge given to which he took exception. Though the instrument in question was not an accommodation note, nevertheless the defendant suffered no prejudice when the jury were told that it was an accommodation note. Nor was there any error in instructing the jury that if they should find that the instrument was given for the purpose of securing an extension of the time of payment for Mathias Reuter, then their verdict should be for the plaintiff. Adopting the defendant's theory, there was no question of fact for determination. The verdict must have been the same though the challenged instruction had not been given. So there could be no prejudice to the defendant in submitting this issue to the jury.

The judgment is affirmed.

BURKE, BIRDZELL, CHRISTIANSON and BURR, JJ., concur.